IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JAMES EISKANT,<br>　　　Plaintiff,<br><br>v.<br><br>CECIL POLLEY, *et al.*,<br>　　　Defendants. | Case No. 3:24-cv-03054-JEH |

### Order

　　Plaintiff, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was detained the Christian County Jail. (Doc. 1). This case was initially closed due to an error regarding documentation of the receipt of Plaintiff's filing fee, which he timely paid in full. Plaintiff's Motion to Reopen Case (Doc. 7) is granted. The Clerk will reopen the case.

　　This case is before the Court for a merit review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

1

I

Plaintiff is a state pretrial detainee at Christian County Jail in Taylorville, Illinois. Defendant Cecil Polley is the Christian County Jail Administrator. Defendant David Brownback is a Sergeant at the Jail. Defendant Kedra Sedlacek is a Nurse at the Jail. Defendant Dr. Duran is a physician at the Jail.

Plaintiff entered the Christian County Jail on July 18, 2023. At that time, he had some vision in his right eye. Prior to entering the Jail, he had an appointment for July 20, 2023, at Prairie Eye Center for surgery on his right eye. After entering the Jail, Plaintiff filed general inquiries, requests, and grievances stating his need for surgery on his right eye. The requests "gained no results."

At the beginning of January 2024, Plaintiff was taken to Prairie Eye Center in Taylorville, Illinois. He was seen by Doctor Smith. Smith informed Defendant Brownback that Plaintiff needed right eye surgery. Brownback told Smith not to schedule the surgery because he needed to seek approval first. As of February 27, 2024, Plaintiff had lost all vision in his right eye.

Plaintiff spoke to Defendant Nurse Sedlacek regarding his need for eye care. Sedlacek told Plaintiff that she did not care how many grievances he filed, it would do no good.

II

The Fourteenth Amendment requires jail officials to provide objectively reasonable medical care for pretrial detainees. *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015); *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019) (extending objectively unreasonable standard to detainee's claims about conditions of confinement, including medical care). The question is whether a reasonable officer, situated as the defendant under consideration was situated, acted in an objectively reasonable way in taking, or failing to take, certain action in response to the detainee's medical need. *See Echols v. Johnson*, 105 F.4th 973, 978 (7th Cir. 2024),

2

*reh'g denied,* No. 22-3230, 2024 WL 3992502 (7th Cir. Aug. 29, 2024); *Davis v. Rook*, 107 F.4th 777, 780 (7th Cir. 2024).

The Court finds that Plaintiff states a Fourteenth Amendment claim against the named Defendants. It is plausible that the named Defendants' response to Plaintiff's serious need for eye treatment was objectively unreasonable and resulted in harm to Plaintiff.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Motion to Reopen Case [7] is GRANTED.

2) According to the Court's merit review of Plaintiff's Complaint under 28 U.S.C. § 1915A, this case shall proceed on a Fourteenth Amendment claim for objectively unreasonable eye care against the named Defendants. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

3) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5) Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer

should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

6) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) Plaintiff shall be provided a copy of all pertinent medical records upon request.

11) Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

*It is so ordered.*

Entered: May 27, 2025

s/Jonathan E. Hawley
U.S. District Judge