UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| James Eiskant | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   24-CV-3054 |
| | ) |
| Cecil Polley et al | ) |
| | ) |
|     Defendants. | ) |

## HIPAA QUALIFIED PROTECTIVE ORDER

During the course of this litigation, the parties may attempt to obtain protected health information from a covered entity. Accordingly, the Court enters this qualified protective order regarding the disclosure of protected health information. 45 C.F.R. § 164.512(e)(1)(v).

This is not an order compelling the production of protected health information. The parties are still required to seek that information through the lawful process applicable to discovery in any civil case, such as through discovery requests, subpoena, and motions to compel. This order does not relieve any party of complying with applicable notice requirements, *see* 45 C.F.R. § 164.512(e)(1)(ii)(A) & (iii).

IT IS THEREFORE ORDERED:

    1)    For purposes of this order, the terms "covered entity" and "protected health information" are defined in 45 C.F.R. § 160.103.

    2)    This order applies to: a) any protected health information sought by a party to this lawsuit from a covered entity pursuant to a subpoena, discovery request, or other lawful process, 45 C.F.R. § 164.512(e)(1)(ii); and, b) any protected health information for which this Court has specifically ordered or authorized production, 45 C.F.R. § 164.512(e)(1)(i).

3) Anyone receiving protected health information in connection with this litigation is prohibited from using or disclosing said information for any purpose other than this litigation. Authorized disclosure for purposes of this litigation includes, but is not limited to, disclosure to the necessary persons for investigation, consultation, discovery, depositions, trial, appeal, mediation, settlement, and insurance.

4) At the end of this litigation, the parties must either return all protected health information to the covered entity or destroy the information. This litigation ends after judgment has been entered in this case disposing of all claims and all appeals have been resolved, if any.

5) Protected health information will not be filed under seal, unless the Court grants a motion to seal filed by a party. CDIL-LR 5.10.

ENTERED:    5/27/2025

FOR THE COURT:

                                                      s/Jonathan E. Hawley
                                        UNITED STATES DISTRICT JUDGE