E-FILED
Friday, 25 September, 2026 09:28:17 AM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

JAMES EISKANT,
Plaintiff,

v.

CECIL POLLEY, *et al.*,
Defendants.

Case No. 3:24-cv-03054-JEH

**Order**

Plaintiff James Eiskant, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging that Defendants provided objectively unreasonable eye care in violation of the Fourteenth Amendment while Plaintiff was detained at the Christian County, Illinois, jail. Plaintiff's renewed Motion to Request Counsel, Dkt. 55, is before the Court.

**I**

This Court does not possess the authority to require an attorney to accept *pro bono* appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). The most that the Court may do is to ask for volunteer counsel. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) ("… indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court."). The Court must determine: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, if the plaintiff appears competent to litigate it himself. *Pruitt*, 503 F.3d at 654–55 (citing *Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993)).

**II**

Plaintiff has now made a reasonable attempt to find counsel on his own, satisfying *Pruitt*'s first element.

As to the second inquiry, Plaintiff asserts that he has only a grade school education. While he has communicated with the Court effectively so far, the case is now approaching the more-advanced summary judgment stage. Given these factors, the Court will search for a volunteer lawyer for Plaintiff.

**There are far more requests for a volunteer lawyer than there are lawyers with the capacity or desire to accept them. Plaintiff remains responsible for all case deadlines. If an attorney agrees to take on this case, the Court will notify Plaintiff and set a hearing to confirm the appointment. Plaintiff must proceed with the expectation that he will be representing himself throughout this case unless he is notified otherwise.**

**IT IS THEREFORE ORDERED:**

1) Motion to Request Counsel [55] is GRANTED. The Clerk is directed to forward a copy of this Order to the Pro Bono Coordinator, who is directed to undertake a search for counsel for Plaintiff.

2) Plaintiff remains responsible for all case deadlines.

*It is so ordered.*

Entered: September 25, 2026

s/Jonathan E. Hawley
U.S. District Judge